850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene McDOWELL, Plaintiff-Appellant,
v.
DYNAMICS CORPORATION OF AMERICA, Defendant-Appellee,
Harold Johnson and Danny Eugene Towles, Third Party Defendants.
 No. 87-5794.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1988.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges and JULIAN A. COOK*, Jr., District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Eugene McDowell seeks reversal of the district court's grant of summary judgment to defendant Dynamics Corporation of America ("DCA"). Unfortunately for the plaintiff, the deposition testimony upon which he seeks to rely on appeal to demonstrate a genuine issue of material fact was neither filed at the time the district court rendered its judgment, nor was it presented to the district court in any form. Plaintiff's counsel relied upon Fed.R.Civ.P. 30(f)(1) and believed that pursuant thereto the depositions taken by the defendant would be filed by the court reporter. He had the responsibility to ensure that his evidence was before the district court in a timely fashion or, in a timely fashion, to seek some relief from the district court's grant of summary judgment. Without the deposition testimony, plaintiff has presented no evidence of design defect in response to defendant's proof in respect to this product liability claim filed in the district court based on diversity jurisdiction. Consequently, Ky.Rev.Stat.Ann. 411.310(1) (Michie/Bobbs-Merrill Supp.1986) dictates judgment for defendant, and we affirm the decision of the district court, because we cannot take into account an appeal for the first time evidence not submitted to the district court.
 
 
 2
 Plaintiff was seriously injured while assisting in the unloading of corn from a wagon into an old house used for grain storage. His clothing was caught in the power take-off shaft connecting a tractor to the corn elevator. Both the shaft in question and the corn elevator were manufactured by DCA. Plaintiff's left leg was amputated as the result of the accident, which occurred on October 22, 1982. Plaintiff filed suit against DCA, alleging defective design and failure to warn nearly a year later. DCA answered, alleging, among other things, that plaintiff was contributorily negligent and invoking the presumptions accorded it under Ky.Rev.Stat.Ann. Secs. 411.310 and 411.320 (Michie/Bobbs-Merrill Supp.1986). Those statutory provisions, part of Kentucky's Products Liability Act, provide:
 
 
 3
 411.310. Presumptions in product liability actions.--(1) In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the subject product was not defective if the injury, death or property damage occurred either more than five (5) years after the date of sale to the first consumer or more than eight (8) years after the date of manufacture.
 
 
 4
 (Emphasis added).
 
 
 5
 411.320. Circumstances under which defendant is liable.--(1) In any product liability action, a manufacturer shall be liable only for the personal injury, death or property damage that would have occurred if the product had been used in its original, unaltered and unmodified condition. For the purpose of this section, product alteration or modification shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear. This section shall apply to alterations or modifications made by any person or entity, except those made in accordance with specifications or instructions furnished by the manufacturer.
 
 
 6
 (2) In any product liability action, if the plaintiff performed an unauthorized alteration or an unauthorized modification, and such alteration or modification was a substantial cause of the occurrence that caused injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective.
 
 
 7
 (3) In any product liability action, if the plaintiff failed to exercise ordinary care in the circumstances in his use of the product, and such failure was a substantial cause of the occurrence that cause injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective.
 
 
 8
 (Emphasis added).
 
 
 9
 Following some discovery, the district court entered an order on September 4, 1986, requiring that discovery be completed within sixty days and that motions for summary judgment be filed within ninety days of the date of the order. On December 3, 1986, more than three years after the complaint had been filed, DCA filed its motion for summary judgment, stating as grounds plaintiff's contributory negligence and asserting its nonliability under Ky.Rev.Stat.Ann. Sec. 411.320(1) due to alterations in the machinery in dispute. Plaintiff responded, denying that DCA was entitled to judgment as a matter of law on either of the asserted grounds. He recited evidence of his lack of knowledge of the workings of the elevator or shaft, and argued that even if the shaft had been modified, DCA had failed to present evidence to show that it was the modification that caused the tragic accident. Finally, plaintiff asserted that he had not received all the discovery to which he was entitled under a motion to compel production. In reply, defendant denied that proof of its causation between the modification and the injury was necessary, and filed the affidavit of Robert F. Thayer ("Thayer"), its manager, attesting to the manufacture and sale of the elevator between August, 1967 and May, 1968, and to the modifications made to the machine since the manufacture.
 
 
 10
 A hearing was conducted on the two motions on February 18, 1987, and a pretrial conference scheduled for April 24, 1987, with trial to begin May 26, 1987. The district court at first denied defendant's motion for summary judgment.
 
 
 11
 Plaintiff filed a witness and exhibit list on April 24, 1987; included in his witness list were John Sevart, a professional engineer, H. Bradley Hammond, a college professor of design, and Harold Johnson, the owner of the elevator. Sevart's expected expert testimony pertained to defective design of the corn elevator, the inadequacy of DCA's warnings, and the causal connection between the asserted defect and plaintiff's injuries. The witness list noted that Sevart's deposition was scheduled for May 15, 1987.
 
 
 12
 At the pretrial conference, DCA again renewed its motion for summary judgment, and it was taken under advisement. Within the next six weeks, the trial date was continued twice and the deposition transcripts of plaintiff's doctor, and one Elmer G. Henninger were filed. Plaintiff's own deposition had been previously filed. None of the depositions of plaintiff's experts were filed before June 30, 1987, when the district court entered summary judgment in favor of DCA. On that same day, two additional transcripts of depositions taken on plaintiff's behalf prior to June 30 were filed. Between April 27, 1987 and June 30, 1987, plaintiff had filed no additional memorandum of law or brief in opposition to defendant's renewed motion for summary judgment. The depositions of the experts were not forwarded by the court reporter to the court, although copies were made available to counsel.
 
 
 13
 The district court referred to the Thayer affidavit in concluding that DCA was entitled to the statutory presumptions in its favor which plaintiff had failed to rebut on the record before the district court. The district court based this conclusion on the proof regarding the date of the elevator's manufacture and its subsequent alteration. The district court also discounted as "academic" the question of causation under Sec. 411.320(1), concluding that it was impossible to determine what injury, if any, appellant would have received if the machine had been used in its original, unaltered and unmodified condition.
 
 
 14
 On July 1, 1987, the deposition transcripts of three witnesses, including Johnson, the owner, were filed with the district court.[1] Plaintiff filed its notice of appeal to this court on July 11, 1987. It was not until September and October that transcripts of depositions of plaintiff's experts were filed. The Sevart deposition was filed with the district court pursuant to a motion by plaintiff to allow it to be filed and the district court order granted this motion, but made no attempt to reconsider its prior judgment.
 
 
 15
 On appeal, plaintiff relies on the deposition testimony of witnesses not timely filed with the district court in his efforts to demonstrate genuine issues of material fact which preclude summary judgment. In response, defendant insists that because these deposition transcripts were not before the district court when it granted summary judgment, they cannot now be considered by this court on appeal.
 
 
 16
 Had the plaintiff affirmatively utilized the depositions filed after the grant of summary judgment, there is precedent to consider them despite their late filing proper under Fed.R.App.P. 10(e).
 
 
 17
 Although "[a] deposition not filed in accordance with [Fed.R.Civ.P.] 30(f) may not normally be considered on appeal,"[2] 4A Moore's Federal Practice Sec. 30.63, some courts have softened this rule to allow depositions relied upon by a party before the district court but for some reason never filed to be considered by the court of appeals. In McDaniel v. Travelers Ins. Co., 494 F.2d 1189, 1190 (5th Cir.1974), the court allowed plaintiff to supplement the record on appeal to include his deposition which he had relied upon below in resisting summary judgment, assuming it would be filed pursuant to Rule 30(f)(1) by "either the defendants, at whose instance the deposition was taken, or by the certifying officer, whose responsibility it was to file it." See also Ross v. Kemp, 785 F.2d 1467 (11th Cir.1986). This practice is consistent with Fed.R.App.P. 10(e), which allows correction or modification of the record to conform to what actually occurred in the district court if some material matter is omitted by error or accident.
 
 
 18
 Rule 10(e), however, cannot save plaintiff where the district court never in any fashion considered the evidence sought now to be relied upon, despite the plaintiff's contentions that the depositions were not timely filed due to error by the DCA's counsel or the certifying officer.[3] See S & E Shipping Corp. v. Chesapeake & Oregon Ry. Co., 678 F.2d 636, 641 (6th Cir.1982) (purpose of Fed.R.App.P. 10(e) is to allow district court to correct omission from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals).
 
 
 19
 The present case does not involve a situation where the depositions, although not filed, were relied upon in briefs or oral argument before the district court in resisting the Rule 56 motion, or in a motion for reconsideration. The depositions appellant seeks to rely on were not filed before the district court ruled on appellee's motion, nor were they relied upon in briefs or oral argument below. In two instances the depositions in question were filed after the notice of appeal was filed.
 
 
 20
 Plaintiff argues that he did "rely" on the depositions before the district court to the extent that he believed they would be filed pursuant to 30(f)(1) and would demonstrate, upon consideration, genuine issues of material fact. Unfortunately, he filed no pleading to offer the district court guidance in this regard, or an opportunity to take this evidence into account. The issue then is whether plaintiff's counsel's reliance that Rule 30(f)(1) would be complied with, given the other facts of this case, is sufficient to justify reconsideration of defendant's Rule 56 motion taking into account the depositions in question.[4]
 
 
 21
 Plaintiff argues that the case was being readied for trial during the summer of 1987, and that it was readily apparent to both sides that the discovery conducted after the pretrial conference of April 24 was to be taken into account, but before June 30, 1987. Plaintiff further asserts that it is unfair for defendant to benefit from the failure to file the depositions in accordance with Rule 30(f)(1) when defendant was fully aware that the depositions demonstrated a material issue in genuine dispute. McDowell's counsel appends his own affidavit to the reply brief attesting to his discovery after the notice of appeal was filed that the Sevart deposition had been corrected and mailed to DCA's counsel and remained in his files.
 
 
 22
 While we can symphathize with plaintiff's position, we cannot conclude that the district court was in error in its Rule 56 ruling for the defendant. It is for the party opposing such a motion to bring to the attention of the district court those relevant materials upon which he seeks to rely. Neither by motion nor by a petition for reconsideration did plaintiff's counsel advise the district court of the contents of the late filed affidavits and seek reconsideration. Regardless of whether or not the parties had knowledge of the contents of the depositions in dispute and their alleged evidentiary value, the judge must be advised or informed when a summary judgment motion is outstanding as to responsive materials relied upon. The judgment here was granted more than three years after the plaintiff had filed his complaint.
 
 
 23
 Under the circumstances, we find no error in the action of the district court and accordingly AFFIRM its judgment.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The depositions of these three individuals had apparently been taken on June 16, 1987, but had not been filed
 
 
 [2]
 Fed.R.Civ.P. 30(f) governs the filing of depositions taken upon oral examination and provides in pertinent part:
 (f) Certification and Filing by Officer; Exhibits; Copies; Notice of Filing. (1) The officer shall certify on the deposition that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. Unless otherwise ordered by the court, the officer shall then securely seal the deposition in an envelope indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk thereof for filing.
 
 
 [3]
 The district court does not state any basis for its order allowing appellant to file the Sevart deposition
 
 
 [4]
 Plaintiff also argues that even without the four depositions, summary judgment was improper. He contends first that the Thayer affidavit is rebutted by, or is inconsistent with, Thayer's deposition testimony. He points to only one such instance which relates to the issue of modification. The opinions and statements in the Thayer affidavit regarding defective design and date of manufacture do not contradict the Thayer deposition and Sec. 411.310(1) still governs. The witness list and summary of anticipated evidence does not constitute evidence in response to defendant's motion for summary judgment